UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL MARTINEZ, Plaintiff, v. CAROLYN W. COLVIN, Commissioner of Social Security, Defendant. | NO. CV 15-9340 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Martinez filed this action on December 3, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 10-11.) On July 8, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for an award of benefits.

## I.

## PROCEDURAL BACKGROUND

On August 14, 2012, Martinez filed an application for supplemental security income alleging an onset date of April 1, 2009. Administrative Record ("AR") 15. The application was denied initially and on reconsideration. AR 15, 66, 77. Martinez requested a hearing before an Administrative Law Judge ("ALJ"). On October 17, 2013, the ALJ adjourned the hearing to give Martinez time to locate a representative. AR 54. On April 15, 2014, the ALJ conducted a hearing at which Martinez and a vocational expert ("VE") testified. AR 37-49. On April 28, 2014, the ALJ issued a decision denying benefits. AR 9-25. On October 23, 2015, the Appeals Council denied the request for review. AR 1-5. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Martinez has the severe impairments of status post-transient ischemic attack with residual epilepsy and borderline intellectual functioning. AR 18. He does not meet a listing. AR 19-20. He has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels except that he is limited to simple repetitive tasks; no interactions with the public; occasional interactions with co-workers and supervisors; and no work tasks involving exposure to conditions hazardous to someone with a seizure condition such as moving machinery, unprotected heights, and the like. AR 21. He does not have any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform such as industrial cleaner, auto detailer and furniture cleaner. AR 23-24.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

**C. <u>Listing 12.05C</u>**

Martinez contends the ALJ erred by finding that he did not meet or equal Listing 12.05C.

At step three of the sequential analysis, the claimant bears the burden of demonstrating that his impairments are equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id*. at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (quoting 20 C.F.R. § 416.925(a)) (emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*. at 530 (emphasis in original). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The Ninth Circuit has summarized the three main components of listing 12.05C: "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013).

Listing 12.05 requires evidence of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.05. The required level of severity is satisfied when subparagraph A, B, C or D is met. *Id*. Subparagraph C requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* "In cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." *Id.* § 12.00(D)(6)(c).

The ALJ found that Martinez has a full scale IQ score of 64. However, the ALJ concluded that Martinez did not meet or equal Listing 12.05C because his seizure disorder did not constitute a physical or other mental impairment imposing an additional and significant work-related limitation. "There is no evidence his seizure impairment generally impacts the claimant's ability to sustain most work activity at all exertional levels." AR 20.

Martinez argues that the ALJ erred in failing to find another impairment that imposed an additional and significant work related limitation. An impairment imposes a significant work-related limitation "when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987). After *Fanning*, the Commissioner clarified that the additional impairment must be "'severe'" in order to establish "'an additional and significant work-related limitation of function.'" Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50754 (2000). A finding that the claimant has a severe physical or other mental impairment at step two of the sequential analysis satisfies the third element. *See Rhein v. Astrue*, 2010 U.S. Dist. LEXIS 128615, *26-*27 (E.D. Cal. Nov. 23, 2010).

The ALJ found that Martinez had a seizure disorder.[2] AR 18-19. The ALJ precluded Martinez from "work tasks involving exposure to conditions hazardous to someone with a seizure condition" such as "moving machinery, working at unprotected heights, etc." AR 21. The ALJ's findings are sufficient to satisfy the requirement of an additional and significant work limitation. *See Maresh v. Barnhart*, 438 F.3d 897, 900 (8th Cir. 2006) (limitation on ability to interact with public, co-workers and supervisors satisfies requirement); *Jimenez v. Colvin*, 2016 U.S. Dist. LEXIS 100409, *16-*18 (S.D. Cal. July 29, 2016).

The Commissioner cites no authority for the proposition that a severe impairment with functional limitations is insufficient. *See* Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50772 (2000) ("[w]e always have intended the phrase to mean that the other impairment is a 'severe' impairment"); Social Security Ruling (SSR) 02-01p (obesity that is severe impairment satisfies requirement of "additional and significant work-related limitation"). The citation to *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007), is inapposite. That case did not involve Listing 12.05C or the phrase "additional and significant work-related limitation." The Commissioner argues that *Hoopai* means that a finding of a severe impairment at step two of the sequential analysis is not the equivalent of a finding at step five that claimant has a significant non-exertional limitation. However, *Hoopai* does not change the import of a step two finding of a severe impairment at step two itself.

The Commissioner implicitly argues that the ALJ erred in failing to address the requirement that Martinez have subaverage intellectual functioning with deficits in adaptive functioning before age 22. *See Kennedy*, 738 F.3d at 1176. As discussed above, Martinez has an IQ score of 64 at the age of 19. His school

---

[2] Martinez has a seizure disorder with onset at age 15 in April 2008 with a witnessed seizure. AR 18, 307-09. After a seizure in February 2012, Martinez's medication was increased. AR 325. Martinez had a subsequent seizure in August 2013 after once missing his medication. AR 321.

records clearly establish that his intellectual impairments and deficits began before age 22. The record indicate he was in special education classes and had poor performance in English and writing. AR 179, 197-99. His "seizure disorder and damage to his right frontal lobe impacts his ability to access the general education curriculum. [His] OHI impedes his ability to remember and process information at the same speed and level as non-disabled peers This makes it hard to remember, complete, participate, recall or follow instructions/directed lessons." AR 197; *see also* AR 253 (letter by Martinez's treating physician at Children's Hospital Los Angeles). Martinez satisfies the onset requirement. *See Potts v. Colvin*, 637 Fed. Appx. 475, 476 (9th Cir. 2016) (discussing onset requirement under Listing 12.05B); *Jimenez*, 2016 U.S. Dist. LEXIS 100409, *10-*11 (special education classes, poor academic achievement under 12.05C). In addition, Regional Center records indicate Martinez was let go by a moving company due to his seizures. AR 297.

Remand for payment of benefits is appropriate when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Treichler v. Comm'r*, 775 F.3d 1090, 1103 (9th Cir. 2014). Although a court abuses its discretion if it remands for payment of benefits when factual issues remain unresolved, it is appropriate for a court to remand for benefits when it is clear from the record that the ALJ would be required to award benefits. *Id.* at 1100, 1101 n.5.

The court does not discern any factual issues that remain to be resolved. Although the ALJ did not address the onset requirement, the record is fully developed and the ALJ would be required to award benefits on remand. "Remanding the case for further proceedings would serve no useful purpose and

would delay Plaintiff's receipt of benefits." *Jimenez*, 2016 U.S. Dist. LEXIS 100409, *19-*20 (remanding for payment of benefits when ALJ failed to address the onset requirement of Listing 12.05C); *see also Maresh*, 438 F.3d at 900 (remanding for benefits after ALJ failed to address onset requirement of Listing 12.05C).

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for an award of benefits.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 19, 2016

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge